IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BILLY HUGHES, JR., | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| V. | § | No. 1:15-CV-359-RP |
| | § | |
| METLIFE INSURANCE COMPANY USA | § | |
| and METLIFE PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY, | § | |
| | § | |
| DEFENDANTS | § | |

## ORDER

Before the Court are Plaintiff's Motion to Abstain and to Remand, filed May 11, 2015 (Clerk's Dkt. #5), and Defendants' Response to Plaintiff's Motion to Abstain and to Remand, filed May 29, 2015 (Clerk's Dkt. #9).

Pursuant to 28 U.S.C. § 1441, Defendants removed this action to federal court on May 1, 2015 based on diversity jurisdiction. Plaintiff contends Defendant's Notice of Removal failed to comply with the applicable pleading requirements for such notices because it does not contain sufficient facts establishing complete diversity of citizenship. Specifically, Plaintiff argues Defendants failed to identify the state or states in which Defendants are incorporated and in which their principal places of business are located.

For removal based on diversity jurisdiction, the removing party must "distinctly and affirmatively" allege the parties' citizenship. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001)(internal citations omitted). In their notice, Defendants merely state the action "is between citizens of different states." (NOR, ¶ 5). This is insufficient to establish the citizenship of Defendants, and thus fails to meet the pleading requirements when invoking diversity jurisdiction as grounds for removal.

However, "[w]here there is a defective allegation of citizenship, a removing party may

supplement its allegations to cure the defect." *Molina v. Wal-Mart Stores Tex., L.P.*, 535 F. Supp.2d 805, 807 (W.D. Tex. 2008)(citing *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 606 F.2d 145, 147 (5th Cir. 1979). "A court may consider information contained in an affidavit filed subsequent to the notice of removal to determine whether there is an adequate basis for removal." *Id*. (citing *Willingham v. Morgan*, 395 U.S. 402, 408 n. 3 (1969), *abrogated on other grounds in Osborn v. Haley*, 549 U.S. 225 (2007)).

With their response, Defendants submitted sworn affidavits establishing that Defendant MetLife Insurance Company USA is organized under the laws of the state of Delaware, with its principal place of business in Charlotte, North Carolina, and that Defendant Metropolitan Life Property and Casualty Insurance Company is organized under the laws of the state of Rhode Island, with its principal place of business in Warwick, Rhode Island.  Therefore, Defendants have established that complete diversity exists between the parties, and that removal of this action to federal court was proper.

In light of the foregoing, **IT IS ORDERED** that Plaintiff's Motion to Abstain and to Remand (Clerk's Dkt. #5) is hereby **DENIED**.

**SIGNED** on June 16, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE